IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JIM RICE,

    Petitioner

v.                                                             CRIMINAL ACTION NO.: 4:11CR3

UNITED STATES OF AMERICA,

    Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is a Motion submitted pursuant to Title 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Petition," ECF No. 35), filed by *pro se* litigant Jim Rice ("Petitioner"). For the reasons set forth below, the Petition is time-barred and **DISMISSED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

On January 10, 2011, Petitioner was indicted and charged with one count of Possession with Intent to Distribute Cocaine Base in violation of Title 21, United States Code, Section 841(a)(1), one count of Possession with Intent to Distribute Cocaine in violation of Title 21, United States Code, Section 841(a)(1), and one count of Possession of Marijuana in violation of Title 21, United States Code, Section 844(a). ECF No. 1.

On February 28, 2011, Petitioner pleaded guilty to Count One of the indictment. ECF No. 11. On June 8, 2011, this Court sentenced Petitioner to One Hundred Twenty-Six (126) Months, less than that suggested by the United States Sentencing Guidelines ("Sentencing Guidelines"). ECF No. 23. Petitioner did not file an appeal. On December 20, 2012, Petitioner filed a motion

seeking retroactive application of the Sentencing Guidelines pursuant to Title 18, United States Code, Section 3582, ECF No. 24; that motion was denied on January 27, 2015, ECF No. 34.

Petitioner, acting *pro se*, filed the instant § 2255 Petition on November 2, 2015. ECF No. 35. On December 18, 2015, the Government filed its Response, ECF No. 38, and on March 21, 2016, Petitioner filed his late Reply, ECF No. 42.

Petitioner raises three grounds for relief. First, Petitioner alleges that *Newbold v. United States*, 134 S. Ct. 897 (2014), by acknowledging a suite of Fourth Circuit cases, created a newly asserted right, retroactively applicable to collateral review and to Petitioner. Second, Petitioner argues that he was incorrectly classified as a career offender in violation of *Johnson v. United States*, 135 S. Ct. 2551 (2015), when this Court allegedly used Petitioner's prior juvenile conviction as a predicate offense for a violent felony. Third, Petitioner claims that government employees from the Department of Justice and Bureau of Prisons obstructed and impeded the timely filing of his § 2255 Petition.

The Government argues that the instant § 2255 Petition is time-barred both as to final judgment and as to the retroactively applicable rights asserted by Petitioner. Additionally, the Government argues that the Court should dismiss the § 2255 Petition because Petitioner's claims of obstruction are not supported by any material fact on record, and the circumstances do not rise to the level of rare, extraordinary circumstances to justify equitable tolling provided in *United States v. Sosa*, 364 F.3d 507, 511-12 (4th Cir. 2004). In the alternative, the Government argues the following: Petitioner's reliance on *Newbold* is misplaced because he did not receive a sentence in excess of statutory maximums and did not suffer a miscarriage of justice; *Johnson* is inapplicable to Petitioner because he was sentenced under the Sentencing Guidelines, not the Armed Career Criminal Act; Petitioner's juvenile conviction was not used as a predicate offense

as a violent felony because his career offender status resulted solely from prior felony drug convictions; and finally, Petitioner received a lesser variance sentence, and thus was not prejudiced by his career offender status.

## II. LEGAL STANDARDS

### A. Section 2255 Generally

Section 2255 of Title 28 of the United States Code provides prisoners in federal custody a means of collateral attack against their sentence as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a). It is within the discretion of the district court to deny § 2255 motions without a hearing. *Raines v. United States*, 423 F.2d 526, 529-31 (4th Cir. 1970). When deciding a § 2255 motion, the court must grant a prompt hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," *id.* § 2255(b); however, the petitioner bears the burden of proving his claim by a preponderance of the evidence, *see Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to a more liberal construction of their pleadings. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

B. Timeliness of Section 2255 Motion

Before a § 2255 motion proceeds to the merits, it must surpass a time-bar. Title 28, United States Code, Section 2255 provides in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized be the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). To determine whether Petitioner has timely filed his motion, the Court must measure one year from the most recent date provided by § 2255(f) subsections (1) through (4).

### III. DISCUSSION

The instant § 2255 Petition is untimely and must be dismissed. Whether the motion is timely depends on whether it is appropriate to toll the statute of limitations, and, for the reasons that follow, it is not.

As to final judgment, Petitioner's § 2255 Petition is untimely. This Court entered Judgment on June 8, 2011. ECF No. 23. Petitioner did not seek an appeal. The instant motion was not filed until November 2, 2015, ECF No. 35, well past the one-year period of limitations set by final judgment, and thus is untimely under § 2255(f)(1).

Although Petitioner claims that the government impeded his ability to file the instant motion, ECF No. 35, at 2-3, he does not provide with specificity the alleged impediment, nor the

dates on which the alleged impediment both occurred and was removed, so as to toll the one-year period of limitations provided by § 2255(f)(2). *See Miller v. United States*, 261 F.2d 546, 547 (1958) (requiring petitioner establish burden of proof by a preponderance of the evidence in a § 2255 collateral attack). Because Petitioner's claims of government impediment do not rise beyond the level of mere assertions, the period of limitations does not toll, and his motion is untimely under § 2255(f)(2).

Petitioner alleges he is entitled to a collateral attack under § 2255(f)(3) for rights established in two different Supreme Court opinions: *United States v. Newbold*, 134 S. Ct. 897 (2014), and *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Newbold*, a memorandum decision, merely vacated a judgment denying a § 2255 motion below in light of the Fourth Circuit's intervening opinion in *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013). *Miller* itself recognized that a previous Fourth Circuit decision, *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), announced a newly recognized substantive rule retroactive on collateral review, *Miller*, 735 F.3d at 147. In any event, the instant § 2255 motion is untimely, and this Court need not approach the cases on the merits. Regardless of when Petitioner attempts to toll the one-year period of limitations, he fails. As stated above, Petitioner filed his § 2255 Petition on November 2, 2015. This is beyond the one-year period of the *Simmons*-created right established in 2011, and its retroactively applicable status marked by *Miller* in 2013. Furthermore, as the Supreme Court published *Newbold* on January 13, 2014, even if Petitioner attempts to claim this as the latest date from which the limitation period shall run, his motion is untimely under § 2255(f)(3).

As to the second asserted right, Petitioner correctly asserts that *Johnson* created a new substantive rule retroactively applicable for collateral attack. At the time of the Government's Response, the Supreme Court decided *Johnson* on direct review and did not announce that it

applied retroactively. As Petitioner points out in his Reply, ECF No. 42, at 5, however, *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), later established the *Johnson* rule as retroactively applicable to collateral review. But even though he timely filed his § 2255 Petition within one-year of that decision, the newly asserted right is not applicable to Petitioner. In *Johnson*, the Supreme Court held that the residual clause defining a "violent felony" in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The residual clause of ACCA is strikingly similar to that of the Sentencing Guidelines' definition of a "crime of violence." *Compare* 18 U.S.C. § 924(e)(1), *with* U.S.S.G. § 4B1.2(a)(2). For this reason, Petitioner assumes that he is entitled to a corrected sentence; however, his reasoning is flawed for several reasons.

First, Petitioner was classified as a career offender under the Sentencing Guidelines, not the ACCA. Courts are split as to whether *Johnson*'s ruling on the ACCA applies equally to the residual clause of the Sentencing Guidelines. *See, e.g.*, *In re Griffin*, No. 16-12012-J, 2016 WL 3002293, at *4 (11th Cir. May 25, 2016) (Sentencing Guidelines "cannot be unconstitutionally vague"); *United States v. Pawlak*, No. 14-3566, 2016 WL 2802723, at *1 (6th Cir. May 13, 2016) ("[W]e join the majority of our sister circuits in invalidating the Guidelines' 'residual clause' as unconstitutionally vague."); *United States v. Ellis*, 815 F.3d 419, 421 (8th Cir. 2016) ("Whether a vague advisory sentencing guideline could violate the Due Process Clause is an open question in the circuit."). Even so, Petitioner was not classified as a career offender under the residual clause, and, as *Johnson* made clear, the decision applied only to the residual clause. *See Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

Second, and most importantly, Petitioner's classification as a career offender never occasioned the "crime of violence" definition of U.S.S.G. § 4B1.2(a)(2) and its residual clause. Petitioner mistakenly assumes that his prior conviction as a juvenile places him under the residual clause and subject to the newly recognized right in *Johnson.* Rather, Petitioner was classified as a career offender for multiple prior convictions of a "controlled substance offense" as an adult, not felony convictions for a "crime of violence." *See id.* § 4B1.1; *see also* Presentence Investigation Report, ECF No. 22. Because Petitioner does not fall under the residual clause protections granted by *Johnson* and *Welch*, the one-year limitations period does not toll, and the instant § 2255 Petition is untimely under § 2255(f)(3).

Finally, because Petitioner fails to claim that any additional facts could have been discovered through the exercise of due diligence, the limitation period provided by § 2255(f)(4) is not available, and cannot be tolled.

Even though Petitioner made no request for equitable tolling in the alternative of the one-year limitation periods provided in § 2255, the Court finds it appropriate to note that equitable tolling is not warranted in this case. Equitable tolling is only available in rare circumstances in which the petitioner not only demonstrates he has been diligently pursuing his rights and that extraordinary, external circumstances prevented filing, but also that enforcing the period of limitations would be unconscionable and result in gross injustice. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The facts presented in Petitioner's case do not rise to a level of injustice—if any—so as to deserve the rare treatment of equitable tolling, nor does he present any causal link that prevented him from timely filing his § 2255 Petition. As such, equitable tolling is denied.

As Petitioner fails to toll the one-year period of limitations under any subsection of § 2255(f), his § 2255 Petition is untimely and for that reason must be dismissed. Petitioner filed the instant § 2255 Petition on November 2, 2015. This is beyond the one-year period of limitations provided by final judgment under § 2255(f)(1) and the rights allegedly asserted under *Newbold*, *Miller*, and *Simmons* applicable to § 2255(f)(3). Although *Johnson* did assert a retroactively applicable right, and Petitioner filed within one-year of that decision, that right, for reasons discussed above, was not available to Petitioner, as it did not apply to the facts of his case. Finally, Petitioner did not make a sufficient showing to toll the one-year period of limitations of government impediment supplied by § 2255(f)(2). The § 2255 Petition was untimely and must be **DISMISSED**.

## IV. CONCLUSION

Petitioner failed to file the instant motion within or toll any of the one-year periods provided by subsections of § 2255(f). Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is untimely and is **DISMISSED**.

The Court **ADVISES** Petitioner that he may appeal by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order. In addition, the Court **DIRECTS** the Clerk to send a copy of this Order to all parties and counsel of record.

**IT IS SO ORDERED**

Norfolk, Virginia
July 12 2016.

/s/ Raymond A. Jackson
United States District Judge